NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200667-U

NOS. 4-20-0667, 4-20-0668, 4-20-0669 cons.

FILED
May 5, 2021
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* M.C., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Macon County |
| Petitioner-Appellee, | ) | No. 17JA249 |
| v.          (No. 4-20-0667) | ) | |
| Shanerica C., | ) | |
| Respondent-Appellant). | ) | |
| ------------------------------------------------------------------ | ) | |
| *In re* W.P., a Minor | ) | No. 17JA250 |
| | ) | |
| (The People of the State of Illinois, | ) | |
| Petitioner-Appellee, | ) | |
| v.          (No. 4-20-0668) | ) | |
| Shanerica C., | ) | |
| Respondent-Appellant). | ) | |
| ------------------------------------------------------------------ | ) | |
| *In re* T.T., a Minor | ) | No. 17JA251 |
| | ) | |
| (The People of the State of Illinois, | ) | |
| Petitioner-Appellee, | ) | |
| v.          (No. 4-20-0669) | ) | Honorable |
| Shanerica C., | ) | Thomas E. Little, |
| Respondent-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's judgments, concluding the court's
          unfitness and best-interest findings were not against the manifest weight of the
          evidence.

¶ 2        Respondent mother, Shanerica C., appeals from the trial court's judgments

terminating her parental rights to M.C. (born April 17, 2012), W.P. (born August 6, 2005), and T.T. (born October 2, 2017). On appeal, respondent argues the court's findings she was an unfit parent and it was in the minors' best interests to terminate her parental rights are against the manifest weight of the evidence. We disagree and affirm.

¶ 3                                     I. BACKGROUND

¶ 4                         A. Motions to Terminate Parental Rights

¶ 5            In January 2020, the State filed motions to terminate respondent's parental rights to the minors. In the motions, the State alleged respondent was an unfit parent as she failed to (1) maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare (750 ILCS 50/1(D)(b) (West 2018)); (2) make reasonable efforts to correct the conditions that were the basis for the removal of the minors during any nine-month period following the February 2, 2018, adjudications of neglected (750 ILCS 50/1(D)(m)(i) (West 2018)); and (3) make reasonable progress toward the return of the minors to her care within certain nine-month periods following the adjudications of neglected, namely February 2, 2018, to November 2, 2018, November 2, 2018, to August 2, 2019, and April 3, 2019, to January 3, 2020 (750 ILCS 50/1(D)(m)(ii) (West 2018)). The State further alleged it was in the minors' best interests to terminate respondent's parental rights and appoint the Department of Children and Family Services (DCFS) as guardian with the power to consent to adoption.

¶ 6                              B. Fitness Hearing

¶ 7            In August 2020, the trial court held a fitness hearing. The court heard testimony from a case manager who had been assigned to the minors' cases since they were opened. The following is gleaned from the testimony presented.

¶ 8            In November 2017, the minors were taken into DCFS care after T.T.'s meconium

tested positive for cocaine and respondent failed to cooperate with an intact family caseworker. As a result, respondent was directed to complete an integrated assessment.

¶ 9　　　　　In July 2018, respondent completed the integrated assessment. Based on that assessment, it was recommended respondent engage in substance-abuse and domestic-violence services, attend visitations with the minors, and cooperate with those assigned to monitor the welfare of the minors.

¶ 10　　　　Respondent completed a substance-abuse assessment. It was recommended respondent engage in substance-abuse treatment. Respondent never engaged in the recommended treatment. Respondent was also referred to complete a total of 60 toxicology screenings. She completed only nine screenings, and she tested positive for cocaine on one of them. When asked on cross-examination about a statement contained in a permanency report which allegedly indicated respondent had not been recommended to engage in substance-abuse treatment, the case manager testified she was not sure why a report would contain such a statement.

¶ 11　　　　Respondent completed a domestic-violence assessment. It was recommended respondent engage in domestic-violence treatment. Respondent never engaged in the recommended treatment.

¶ 12　　　　From December 2017 through February 2018, respondent's attendance at visitations was inconsistent. From March 2018 through July 2018, respondent did not attend visitations. From August 2018 through November 2018, respondent attended visitations. After November 2018, the agency received no documentation of respondent's attendance at visitations, nor was respondent present when the caseworker stopped by during scheduled visitations. When respondent attended visitations, they went well.

¶ 13　　　　Respondent failed to maintain contact with the minors' caseworkers. The

caseworkers repeatedly tried to contact respondent in person, by phone calls, and by text messages. Respondent would speak with the caseworkers when she attended court proceedings.

¶ 14           Overall, respondent rated unsatisfactory on all service plans, and she had not completed any of the recommended services. At one point, respondent reported her lack of participation in services was because she did not feel the services were needed.

¶ 15           Based on this information, the trial court found respondent was an unfit parent for all the reasons alleged in the State's motions to terminate parental rights.

¶ 16                            C. Best-Interest Hearing

¶ 17           In November 2020, the trial court conducted a best-interest hearing. The court received a best-interest report concerning the minors and heard testimony from its author. The following is gleaned from the best-interest report and testimony presented.

¶ 18           Since being taken into DCFS care in November 2017, the minors had resided with their foster mother, who was also their grandmother. The minors were integrated into the home, appeared happy, and were healthy. The foster mother was able to provide the minors with stability and a nurturing environment. She was also willing to provide the minors with permanency through adoption.

¶ 19           Respondent failed to maintain contact with the minors' caseworkers and had not completed any of the recommended services. Respondent's whereabout were unknown, and she had had no contact with the minors' caseworker since February 2020. The foster mother reported the minors were bonded to respondent. The minors' caseworker was not aware of any bond.

¶ 20           The agency assigned to monitor the minors' welfare believed it would be in the minors' best interests to terminate respondent's parental rights and appoint DCFS as guardian with the power to consent to adoption.

¶ 21    Based on this information, the trial court, after considering the statutory best-interest factors and the recommendations presented, found it would be in the minors' best interests to terminate respondent's parental rights. The court entered written orders terminating respondent's parental rights.

¶ 22    This appeal followed.

¶ 23                              II. ANALYSIS

¶ 24    On appeal, respondent argues the trial court's findings she was an unfit parent and it was in the minors' best interests to terminate her parental rights are against the manifest weight of the evidence. The State disagrees.

¶ 25                           A. Unfitness Finding

¶ 26    Respondent asserts the trial court's finding she was an unfit parent is against the manifest weight of the evidence.

¶ 27    In a proceeding to terminate parental rights, the State must prove parental unfitness by clear and convincing evidence. *In re N.G.*, 2018 IL 121939, ¶ 28, 115 N.E.3d 102. A trial court's finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Id.* ¶ 29. A finding is against the manifest weight of the evidence "only where the opposite conclusion is clearly apparent." *Id.*

¶ 28    The trial court found respondent was an unfit parent as defined in section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2018)). Section 1(D)(b) states a parent will be considered an "unfit person" if he or she fails "to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare."

¶ 29    "[I]n determining whether a parent showed reasonable concern, interest or responsibility as to a child's welfare, we have to examine the parent's conduct concerning the child

in the context of the circumstances in which that conduct occurred." *In re Adoption of Syck*, 138 Ill. 2d 255, 278, 562 N.E.2d 174, 185 (1990). "Noncompliance with an imposed service plan or irregular visitation with the minor is sufficient" for a finding a parent is unfit for failing to maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare. *In re A.F.*, 2012 IL App (2d) 111079, ¶ 41, 969 N.E.2d 877.

¶ 30       While respondent initially showed some interest, concern, and responsibility for the minors' welfare by completing the assessments, she failed to maintain that interest, concern, and responsibility. Respondent, despite the fact the minors were brought into DCFS care after one of them was born substance-exposed, failed to complete 51 of 60 toxicology screenings. She further failed to maintain regular contact with the minors' caseworkers or regularly attend visitations with the minors. Ultimately, respondent had not completed any of the recommended services. Given the evidence presented, we find the trial court's unfitness finding based on respondent's failure to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare is not against the manifest weight of the evidence.

¶ 31       As only one ground for a finding of unfitness is necessary to uphold the trial court's judgment, we need not review the other grounds for the court's unfitness finding. *In re Z.M.*, 2019 IL App (3d) 180424, ¶ 70, 131 N.E.3d 1122.

¶ 32                          B. Best-Interest Findings

¶ 33       Respondent asserts the trial court's finding it was in the minors' best interests to terminate her parental rights was against the manifest weight of the evidence.

¶ 34       In a proceeding to terminate parental rights, the State must prove termination is in the child's best interests by a preponderance of the evidence. *In re D.T.*, 212 Ill. 2d 347, 367, 818 N.E.2d 1214, 1228 (2004). When considering whether termination of parental rights would be in

a child's best interest, the trial court must consider several statutory factors within the context of the child's age and developmental needs. See 705 ILCS 405/1-3(4.05) (West 2018).

¶ 35 This court will not reverse a trial court's finding termination of parental rights is in a child's best interests unless it is against the manifest weight of the evidence. *In re Anaya J.G.*, 403 Ill. App. 3d 875, 883, 932 N.E.2d 1192, 1199 (2010). Again, a finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent. *Id.*

¶ 36 Respondent contends the trial court's best-interest findings are against the manifest weight of the evidence given the minors' bond with her and the fact she "did what was asked of her." First, as discussed above, the record demonstrates respondent did not do what was asked of her. Second, the court had to balance any bond respondent had with the minors with the minors' needs for permanency, continuity, and stability, factors which favored termination. Given the evidence presented, we find the trial court's findings it was in the minors' best interests to terminate respondent's parental rights are not against the manifest weight of the evidence.

¶ 37                                        III. CONCLUSION

¶ 38         We affirm the trial court's judgments.

¶ 39         Affirmed.